UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWANDA M. GOODWIN, | ) | CASE NO.: 5:07CV3530 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Objection by the Plaintiff Dawanda M. Goodwin to the Report and Recommendation of the Magistrate Judge.  This action was referred to the Magistrate for a Report and Recommendation on Plaintiff's Appeal of the Social Security Administration's decision to deny her request for continued supplemental security income. Plaintiff's Objection was timely filed, and the Court now resolves that objection.

**I.     Facts**

Plaintiff was awarded supplemental security income in 2001 based upon a finding that she was disabled as a result of breaking her leg.  A periodic review conducted three years later determined that Plaintiff's medical condition had improved and that she was no longer disabled. Plaintiff appealed to this Court, asserting three errors.  Plaintiff alleged that the Administrative Law Judge ("ALJ") erred by failing to include all of her limitations in her residual functional capacity, by finding her to lack credibility, and by failing to fully develop the record.

The Court referred the matter to Magistrate Judge Benita Pearson, and a Report and Recommendation was prepared on November 19, 2008.  Plaintiff raised one objection to the

Report, and the Commissioner has responded in opposition to the objection.

### II. Legal Analysis

Plaintiff contends that the Magistrate Judge incorrectly concluded that the ALJ had properly developed the record prior to finding that Plaintiff was no longer disabled. The Court disagrees.

A claimant bears the burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination. 20 C.F.R. § 416.912; 20 C.F.R. § 416.913(e).

> Moreover, as the government argues, the regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination. 20 C.F.R. § 416.917(a).
>
> As to the ALJs duty to conduct a "full inquiry," 20 C.F.R. § 416.1444, we adopt the following statement by the Fifth Circuit which applies equally to the present case and disposes of plaintiff's argument:
>
> "[F]ull inquiry" does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision. In appellant's case, the evidence in the record upon which the administrative law judge based his denial of benefits fully developed the facts necessary to make that determination. The [evidence] supports the conclusion that appellant is not disabled....
>
> *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original).

*Landsaw v. Secretary of Health & Human Srvs.*, 803 F.2d 211, 214 (6th Cir. 1986).

In the instant matter, Plaintiff contends that referral to a consultative specialist was necessary to determine whether a limitation should have been placed on Plaintiff's ability to work. Specifically, Plaintiff contends that the medical expert relied upon by the ALJ, Dr. Goren, "was not as qualified as an orthopedic surgeon to opine with regard to limitations testified to by the claimant[.]"

The plain language of Plaintiff's objection reveals the fault in her argument. The "not as qualified" language indicates that the expert used by the ALJ was indeed qualified. That expert, Dr. Goren, a board certified neurologist, testified that the medical evidence in the record did not support Plaintiff's testimony that she needed to elevate her leg on a daily basis as a result of the prior fracture of that leg. With respect to that fracture, Dr. Goren opined that "[t]he fracture itself is now healed, and there's no severe impairment related to the fracture." Dr. Goren also indicated that there was no clear evidence in the record to support Plaintiff's subjective testimony that she was required to elevate her leg. This included the fact that no mention of any such limitation was found in any of Plaintiff's medical records.

Plaintiff's argument is hinged upon the fact that Dr. Goren was clearly uncomfortable with resolving the discrepancy between Plaintiff's testimony and her medical records. In fact, on more than one occasion, Dr. Goren indicated that resolving the credibility issue was properly left to the ALJ. Contrary to Plaintiff's contention, Dr. Goren's hesitation to judge Plaintiff's credibility did not require the record to be expanded.

On cross-examination, Dr. Goren indicated that it was possible that Plaintiff would need to elevate her leg, but that the "best answer would come from continuing follow-up by a sophisticated orthopedic surgeon[.]" Despite Plaintiff's contention, this statement does not equate to a finding that an orthopedic referral was "necessary" to determine Plaintiff's limitations.

In the Report, the Magistrate Judge concluded that the ALJ properly found that Plaintiff's statements regarding her limitations lacked credibility. Plaintiff has not challenged that conclusion in her objections. As the ALJ properly concluded that Plaintiff's complaints lacked credibility, there was no need to consult an orthopedic surgeon. That is to say, once the Plaintiff was found to lack credibility, there was no disagreement in the evidence. All that remained in

evidence that was credible was Dr. Goren's conclusion that such a limitation was not supported by the medical evidence. Accordingly, Plaintiff has not met her burden of demonstrating that expanding the record was necessary. The objection is overruled.

### III. Conclusion

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE. Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

IT IS SO ORDERED.

Dated: March 26, 2009    /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE